UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 04-CR-81013
        HON. GEORGE CARAM STEEH

D-1 MICHAEL AYOUB,

        Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY (#13)

      Defendant was indicted on December 9, 2004 on one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute marijuana, 18 U.S.C. § 841(a)(1). Defendant now moves to compel disclosure of: (1) all statements by Government witnesses; (2) the identification of the person who signed a consent to search form as Mrs. Raja Atoui; (3) Government agents Luke Cosenza and Cory Howe; (4) all confidential informants ("CI") including CI 277; (5) the identity and criminal record of CI 277; (6) all fingerprints recovered from seized marijuana, firearms, and drug paraphernalia; (7) the names and qualifications of Government experts, including scientific experts and translators; (8) all B.A.T.F. written reports and documents as identified in agent Corey Howe's unsigned affidavit; (9) complete gun trace records; (10) the original D.P.D. report; (11) Howe's original signed affidavit, and; (12) any other materials to which defendant is entitled by law. The Government responds that it has complied with Federal Rule of Criminal 16 and/or the Jencks Act, 18 U.S.C. § 3500, as to

defendant's requests for statements by Government witnesses, the names and qualifications of Government experts, all B.A.T.F. written reports and documents as identified in agent Corey Howe's unsigned affidavit, complete gun trace records, the original D.P.D. report, and Howe's original signed affidavit. The Government represents that it shall timely produce any other evidence in accordance with the Jencks Act. The Government also responds that it has disclosed to defendant the identification of the person who signed a consent to search form as Mrs. Raja Atoui, and that no fingerprint evidence was obtained from seized marijuana, firearms, and drug paraphernalia. With respect to defendant's motion for disclosure of items 1-2 and 6-12, defendant's motion will be denied as moot.

In item number 3, defendant seeks disclosure of Government agents Cosenza and Howe, apparently for pretrial depositions. Defendant is not entitled to such Jencks Act materials prior to trial. See 18 U.S.C. § 3500(a); United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988). Defendant's motion for pretrial disclosure of item 3 will be denied.

Finally, in items 4-5, defendant seeks the pretrial disclosure of all CI's, including CI 277, as pertinent to his case. Defendant has the burden of showing how disclosure of a CI would substantively assist his defense. United States v. Moore, 954 F.3d 379, 381 (1992)(citing U.S. v. Willis, 473 F.2d 450, 452 (6th Cir.), cert. denied, 412 U.S. 908 (1973)). Defendant's conclusionary assertion that disclosure CI 277 or other CI would be "pertinent" to his case fails to meet that burden, particularly under the circumstances of this case where the criminal charges of unlawful possession of a firearm and drugs arise from a warrantless search of a home following alleged consent to search by the disclosed Mrs. Raja Atoui. Moore, 954 F.3d at 381 (quoting Roviaro v. U.S., 353 U.S. 53, 62 (1957) as setting forth the appropriate factors to be considered in deciding whether disclosure of a

CI is justified).  Defendant's motion for disclosure of items 4-5 will be denied.

For the reasons set forth above, defendant's motion to compel discovery is hereby DENIED in its entirety.

SO ORDERED.

                                        s/George Caram Steeh  
                                        GEORGE CARAM STEEH  
                                        UNITED STATES DISTRICT JUDGE

Dated:  June 17, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 17, 2005, by electronic and/or ordinary mail.

                                        s/Josephine Chaffee  
                                        Secretary/Deputy Clerk