UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Case No. 04-CR-81013
                                  HON. GEORGE CARAM STEEH

MICHAEL AYOUB,

    Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION TO PRODUCE EVIDENCE
FAVORABLE TO THE DEFENDANT (#32), AND DENYING DEFENDANT'S MOTION
FOR DISCLOSURE OF AGREEMENTS WITH OR
CONCESSIONS TO CONFIDENTIAL INFORMANT (#30)

    Defendant Michael Ayoub filed two separate motions on August 4, 2005 seeking disclosure of evidence favorable to defendant, and any agreements or concessions the Government has made with a "confidential informant" known to defendant as Hussein Ahmad Ayoub a/k/a Antonio Puzai ("Hussein"). Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

    Specifically, defendant seeks pre-trial disclosure of: (1) Hussein's complete arrest and conviction records; (2) notes or other information involving Hussein in the possession of the Dearborn Police Department, Dearborn Police Officers, Immigration and Customs Enforcement Agents, or other Government agents; (3) any and all statements, offers, inducements, or discussions with Hussein indicating a suggestion or promise of lenience, compensation, or assurance not to prosecute, or to proceed on certain causes, counts, or lesser or reduced charges, and; (4) any other offer or benefit occurring to any individual in

exchange for their cooperation, assistance, or testimony in this case.  Defendant attaches two docket sheets to his motion to produce evidence indicating that an October 30, 1998 Criminal Complaint alleged against Hussein was dismissed without prejudice on November 19, 1998, and that a May 23, 2005 Criminal Complaint alleged against Hussein was dismissed without prejudice on June 14, 2005.

The Government responds that it is aware of its duty of disclosure under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), that it has no intention of calling Hussein as a Government witness in its case-in-chief, that Hussein has no criminal convictions, and that the Government is not aware of any offers, inducements, concessions or promises made to Hussein.  The Government recognizes that Hussein has been arrested in the past, but argues Hussein's arrests absence convictions may not be used to impeach Hussein if he is called to testify at trial.

Defendant argues in separate replies that the defense intends to call Hussein as a witness in defendant's case-in-chief, and that Hussein's arrest record bears on his character for truthfulness as envisioned under Federal Rule of Evidence 607.  Defendant reasserts his request for disclosure of any and all past offers, inducements, concessions, or promises made to Hussein in either state or federal proceedings.

I.

The Government has responded that Hussein has never been convicted of a crime, and that it is not in possession of any offers, inducements, concessions, or promises made to Hussein.  Accordingly, defendant's request for disclosure of this information is moot. Notes or other information in the possession of the Dearborn Police Department, Dearborn Police Officers, Immigration and Customs Enforcement Agents, or other Government agents in connection with the investigation or prosecution of this case are not subject to

pretrial disclosure.  See Fed. R. Civ. P. 16(a)(2).

II.

Defendant's remaining requests for pretrial disclosure seek Hussein's arrest record, and any other offer or benefit made to any potential government witness.  The Brady doctrine did not create a constitutional right to pre-trial discovery in a criminal proceeding. United States v. Presser, 844 F.2d 1275, 1284 (6th Cir. 1988).  As to impeachment material:

> . . . . [T]he government cannot be compelled to disclose impeachment material which would be covered by the Jencks Act [18 U.S.C. § 3500] relating to any potential government witness, whether it be a witness in the case-in-chief or a rebuttal witness.  Further, the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the Brady test of being material and exculpatory.

Id.  Evidence is material under Brady "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  Id. at 1281 (quoting Pennsylvania v. Ritchie, 107 S.Ct. 989, 1001 (1987)). Defense counsel does not have a general right to pre-trial discovery of impeachment evidence where the prosecution denies that the material is exculpatory and material.  Id. at 1283.

> . . . So long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial, we fail to see how the Constitution is violated.  Any prejudice the defendant may suffer as a result of disclosure of the impeachment evidence during trial can be eliminated by the trial court ordering a recess in the proceedings in order to allow the defendant time to examine the material and decide how to use it.

Id. (footnote omitted).

The Government denies the materiality of Hussein's arrest record, emphasizing that the instant criminal charges of unlawful possession of a firearm and marijuana arise from

a warrantless search of defendant's father's home by way of consent allegedly given by one Raja Atoui. The government is not required to disclose Hussein's arrest record prior to trial absent a showing of the materiality or exculpatory nature of the arrest record. Defendant has not shown how Hussein's arrest record, even if lengthy, would affect the reasonable probability of defendant's guilt or innocence given the Government's statement that Hussein will not be called as a case-in-chief witness. Defendant has argued that the arrest record includes crimes of moral turpitude which therefore goes to the character or credibility of the witness. However, Federal Rule of Evidence 608 does not permit the fact of an arrest to be admitted, only the underlying conduct, if probative of untruthfulness. Should defendant demonstrate in questioning Hussein at trial that Hussein's arrest record is necessary for relevant purposes, defendant may renew his motion for disclosure. Defendant's remaining request for any other offer or benefit made to any potential government witness is not well taken by operation of the Jencks Act. Presser, 844 F.2d at 1284.

For the reasons set forth above, defendant's motions are hereby DENIED.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 31, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

4