UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL AYOUB,

        Petitioner,

                                                  Criminal No. 04-81013
                                                  Civil No. 09-CV-11834
vs.                                               HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING § 2255 MOTION FOR HABEAS RELIEF (# 84) AND DENYING CERTIFICATE OF APPEALABILITY

     Michael Ayoub, appearing pro per, filed a motion on May 22, 2009 for relief from sentence under 28 U.S.C. § 2255 claiming he was denied effective assistance of counsel when his trial counsel failed to investigate and call witnesses at a suppression hearing to dispute that Raja Atoui had the ability to communicate in English and consent to the search of Ayoub's parents' home. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

     The circumstances underlying Ayoub's motion are set forth in United States v. Ayoub, 498 F.3d 532 (6th Cir. 2007), denying Ayoub relief on direct appeal. Following a jury trial, Ayoub was convicted on May 18, 2005 on one count of possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The charges arose from a search of Ayoub's parents' home on Steadman Street in Dearborn, Michigan, pursuant to consent given to officers by Ayoub's half-sister, Raja Atoui. Atoui had control of the home while her and Ayoub's

parents were away in Lebanon.  A search of the home and garage disclosed one pound of marijuana, two handguns, drug paraphernalia, scales, bowls, cutting agents, and packaging materials.

The court denied Ayoub's motion to suppress the items seized from the home following a July 7, 2005 hearing.  At the hearing, Officers Howe and Cosenza testified that Atoui understood English, communicated with them in English, signed a consent form acknowledging her under understanding of the document, and voluntarily gave them a key and her consent to search the home.  See Ayoub, 498 F.3d at 542.  Ayoub argues in his instant motion that he was denied effective assistance of counsel because his defense counsel failed to investigate and call witnesses at the suppression hearing to show that Atoui has absolutely no ability to communicate in English.  Ayoub asserts that his counsel should have recognized this fact before the suppression hearing, and called Atoui's doctor or children as witnesses to prove that Atoui has no English communication skills.  Ayoub maintains that these witnesses would have demonstrated that the Officers gave perjured testimony, warranting suppression of the evidence.

A convicted defendant's Sixth Amendment rights are violated if he is provided ineffective assistance of counsel.  The test to determine whether counsel was ineffective has two parts under Strickland v. Washington, 446 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.  To satisfy the first prong of the two-part test, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  To satisfy the second prejudice-prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  Id.

Ayoub argues that he first told his counsel *after* the suppression hearing that Atoui, his half-sister, lacked any ability to communicate in English, but does not explain why he failed to provide this information to counsel before the hearing.  Counsel's asserted failure to investigate may, in substantial part, be attributed to Ayoub.  Ayoub admittedly did not raise this issue to his counsel *during* the suppression hearing.  Defense counsel nonetheless vigorously attacked the credibility of the testifying Officers.  Ayoub has failed to show that his counsel's performance at the suppression hearing fell below an objective standard of reasonableness.

Even assuming for purposes of this motion that counsel's failure to investigate Atoui's English communication skills fell below an objective standard of reasonableness, Atoui's representations through an interpreter at trial that she cannot communicate in English, and that the Officers threatened that "they'd break the doors down" if she did not give them the key to her parents' home, lacked credibility.  Although Atoui's daughter testified at trial that Atoui was "scared and shaking" when the Officers sought her consent, she did not corroborate Atoui's testimony that the Officers threatened to break doors down if Atoui did not consent to the search.  Atoui's testimony that she cannot communicate in English at all is also undermined by her trial testimony that she has lived in the United

3

States for approximately 16 years, and has had a valid driver's license for 7 years.  The timing of Ayoub's post-suppression hearing disclosure that Atoui cannot speak or read English further undermines the credibility of her testimony.  Weighing the Officers' credible hearing testimony against the credibility of Atoui's trial testimony under the totality of the circumstances, there is no reasonable probability that Atoui's consent to search the home would have been found involuntary had defense counsel called Atoui and others to testify at the suppression hearing.  Ayoub has not demonstrated that, but for counsel's failure to call additional defense witnesses at the suppression hearing, there is reasonable probability the court would have found Atoui's consent to be involuntary.  Ayoub has not shown that he was denied effective assistance of counsel at the suppression hearing. Strickland, 446 U.S. at 687.

## Conclusion

For the reasons set forth above, Ayoub's motion for habeas relief under 28 U.S.C. § 2255 is hereby DISMISSED, and his request for an evidentiary hearing is hereby DENIED.  Before petitioner may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner has made no such showing. Accordingly, a certificate of appealability is hereby DENIED.

SO ORDERED.

Dated:  October 29, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

4

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 29, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk